JACOB LOVEJOY *versus* GEORGE W. LUNT.

The term "highest bidder," used in the statute authorizing collectors to sell real estate for unpaid taxes, means the one who will pay the tax, &c., for the least quantity of land.

A sale of real estate, by a collector to pay the taxes assessed thereon, is invalid if the whole tract is sold, and the collector does not certify, in his return to the town clerk, *that it was necessary to sell the whole to pay the taxes, &c.*

Such sale of the real estate of a resident is invalid, unless the collector's return shows that he gave the owner or occupant ten days' notice of the *time* and *place* of sale.

ON REPORT by GOODENOW, J.

REAL ACTION. The case is sufficiently stated in the opinion.

*Jacob Lovejoy*, demandant, *pro se.*

*Howard & Strout*, for tenant.

The opinion of the Court was drawn up by

KENT, J.—The demandant claims title by virtue of two deeds from the collector of taxes of the town of Peru, who sold the land for the non-payment of taxes assessed in the years 1850 and 1851. In order to sustain the tax title, it is necessary for the party claiming " to prove that the collector complied with the requisitions of law, as to advertising and selling such real estate." Act of 1844, c. 123, § 16.

The tenth section of the same Act authorizes and directs

the collector, in case of non-payment for nine months, to give notice "of his intention to sell *so much* of the real estate, as may be necessary for the payment of said tax and all charges." By § 11, he is authorized to sell to the highest bidder, "*so much* of the real estate as may be necessary to pay the tax then due," &c.

The notices of sale appear to be in accordance with the provision. But, by the returns made to the town clerk, of the doings in making such sale, as required by § 18 of said chapter, it appears that he sold the *whole* parcel to demandant, he being the highest bidder therefor.

He does not certify that it was necessary thus to sell the whole, in order to pay the tax and charges, or that no person would pay the same for a less quantity of land.

The "highest bidder," named in the statute, is the one who will pay the tax for the least quantity of the land. It may be "necessary" to sell the whole tract, but this necessity should appear in the return. It is not sufficient to state simply that the whole tract was sold to the highest bidder.

This point was decided in the case, *Loomis* v. *Pingree*, 43 Maine, 311.

The statute of 1849, c. 131, § 1, required that, upon an intended sale of real estate of a resident, the collector should notify the owner or occupant of the time and place of sale, in writing, ten days before the sale.

The collector, in his return, certifies that he gave such notice of the "*time*" of sale, but does not state that it also contained a notice of the *place*.

There are other points, in which it is contended that the proceedings are fatally defective, but it is unnecessary to discuss them.  *Judgment for the tenant.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and DAVIS, JJ., concurred.